IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LEOLA WILLIAMS on behalf of )
DEONTE WILLIAMS, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 09-00540-N
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant. )

ORDER[1]

This action is before the Court on plaintiff's application (doc. 23) for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").[2] Plaintiff's application is timely in that it has been filed within 30 days of the date when the judgment entered in this case was no longer appealable. 28 U.S.C. § 2412(d)(1)(B). Plaintiff specifically seeks attorney's fees in the amount of $1,498.66, which represents 8.7 hours of work by counsel at a rate of $172.26. Upon consideration of plaintiff's motion, the Commissioner's opposition thereto (doc. 25), plaintiff's reply (doc. 27) and

---

[1] This matter has been referred to the undersigned Magistrate Judge (doc. 20), pursuant to the consent of the parties (doc. 18), to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73.

[2] Although this action was initiated by Leola Williams on behalf of her grandson, Deonte Williams, the Court's reference to "plaintiff" shall be reference to Deonte Williams as the actual applicant for benefits.

all other pertinent portions of the record, the Court concludes that plaintiff's motion is due to be denied.

I.  Applicable Legal Standard.

In order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." Myers, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  In other words, the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. Myers, 916 F.2d at 666 (citations omitted).   Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Ashburn v. United States, 740 F.2d 843, 850 (11th Cir.1984). superseded by statute on other grounds as recognized in United States v. 4880 S.E. Dixie Highway, 838 F.2d 1558, 1561 n.5 (11th Cir. 1988)).

The Supreme Court  has  held that  substantially justified means "justified in substance or in the main" or,  in other words, "justified to a degree that could satisfy a reasonable person." Pierce v.  Underwood, 487 U.S. 552, 565 (1988) (internal citations omitted). " A substantially justified position is one that "a reasonable person could think is correct, that is, if it has a reasonable basis in law and fact." Underwood, 487 U.S. at 566, n.2.; Bergen, 454 F. 3d 1277 ("EAJA fees should not be awarded unless the Commissioner's position lacks 'a reasonable basis in law and fact.'")

In the context of the EAJA, the question of reasonableness  is a separate and

all other pertinent portions of the record, the Court concludes that plaintiff's motion is due to be denied.

I.  Applicable Legal Standard.

In order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." Myers, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  In other words, the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. Myers, 916 F.2d at 666 (citations omitted).   Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Ashburn v. United States, 740 F.2d 843, 850 (11th Cir.1984). superseded by statute on other grounds as recognized in United States v. 4880 S.E. Dixie Highway, 838 F.2d 1558, 1561 n.5 (11th Cir. 1988)).

The Supreme Court  has  held that  substantially justified means "justified in substance or in the main" or,  in other words, "justified to a degree that could satisfy a reasonable person." Pierce v.  Underwood, 487 U.S. 552, 565 (1988) (internal citations omitted). " A substantially justified position is one that "a reasonable person could think is correct, that is, if it has a reasonable basis in law and fact." Underwood, 487 U.S. at 566, n.2.; Bergen, 454 F. 3d 1277 ("EAJA fees should not be awarded unless the Commissioner's position lacks 'a reasonable basis in law and fact.'")

In the context of the EAJA, the question of reasonableness  is a separate and

distinct question from, and reviewed under a lower standard than, the "substantial evidence" standard, which governs review of the merits of disability determinations. *See* Underwood, 487 U.S. at 568-69; *see also* 131 Cong. Rec. 4763 (daily ed. June 24, 1985) (statement of Rep. Kindness); H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10-11, reprinted in 1980 U.S. Code Cong. & Ad. News 4989. The standard for determining whether defendant's position was substantially justified pursuant to the EAJA is not the same as the substantial evidence standard required by the Social Security Act. Consequently, the Commissioner's position may be substantially justified even if it is not correct and a court found that substantial evidence did not support his decision. *See* Underwood, 487 U.S. at 566, n. 2; Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002); *see also* Rose, *supra*, 806 F.2d at 1087 ("The court assessing an EAJA application must deny costs and fees if, on the basis of this independent perspective, it concludes that the Government acted slightly more than reasonably, even though not in compliance with substantive legal standards applied in the merits phase."). The Supreme Court has emphasized that "substantially justified" typically does not mean "justified to a high degree" but, instead, the standard is satisfied if there is a "genuine dispute." Underwood, 487 U.S. at 565 (*citing* Quaker Chair Corp. v. Litton Business Systems, Inc., 71 F.R.D. 527, 535 (S.D.N.Y. 1976) (genuine dispute means "if reasonable people could differ as to the [appropriateness of the contested action]")).

II. Analysis.

Despite plaintiff's contentions to the contrary, the Court agrees that the defendant's position in this case was substantially justified. The Commissioner's

3

decision in this case was indeed remanded for further consideration of plaintiff's intellectual capabilities and limitation.[3] The reversal and remand was necessary because "the ALJ's finding of 'borderline intellectual functioning' is not supported by substantial evidence."[4] Doc. 21 at 17. This Court did not declare, nor could it, that the ALJ's finding of 'borderline intellectual functioning' had no evidentiary support. Dr. Tocci's psychological assessment did, in fact, suggest that plaintiff functioned in the low average range of intellectual functioning. Dr. Goff, whose opinion plaintiff argues should have been assigned controlling weight, merely found that plaintiff functioned in the "lower end of the borderline range" of intellectual functioning. Further, this Court specifically found that:

> Although Dr. Tocci may not have conducted the same tests given by Dr. Goff or specifically addressed the six domains which were addressed by Dr. Goff, Ms. Glover and the ALJ, there is no contention that she did not conduct a thorough and comprehensive Mental Status Examination which revealed that plaintiff had normal speech; appropriate mood and affect; normal orientation; fair attention and scattered concentration; intact memory; a good fund of information and comprehension; intact ability to abstract; appropriate thought content and process; good social judgment; and some insight into his behavior (Tr. 187-188).

Doc. 21 at 18, n. 4. Although plaintiff now argues that his "appeal was based largely on cognitive deficits . . . which . . . constitute the learning problem originally alleged, the evidence of record still does not support a claim for mental retardation under Listing

---

[3] "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

[4] This Court specifically concluded that the ALJ "improperly made that diagnosis himself" because "no medical source, including Dr. Goff [plaintiff's expert], made any diagnosis of 'borderline intellectual functioning'." Doc. 21 at 16.

112.05D, a contention first raised by the plaintiff on appeal. Tr. 135-37; Doc. 13 at 6. As this Court also concluded:

> It is again important to note that the "capsule definition" of mental retardation set forth in § 12.05 of the Listings states that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05(c) (1992)(emphasis added). . . . Thus, an individual with an IQ score lower than 70 does not necessarily satisfy the criteria for a diagnosis of mental retardation. . . . [T]he ALJ's finding in this case that plaintiff had no extreme and only one marked limitation in any area of functioning is simply not supported by substantial evidence. Nor, however, has plaintiff established to the requisite degree that he suffers a "marked limitation" in two areas of functioning. . . . Plaintiff cannot simply rest on his general contention that he quit school, which he only attended once a work at best, because he "couldn't do the work" (Tr. 31).

Doc. 21 at 22-23 (case citations omitted). Consequently, the ALJ's conclusion in this case was not unreasonable. Although the Commissioner's reasoning regarding the merits of the ALJ's determination was ultimately unpersuasive to the Court, a "position can be justified even though it is not correct, and . . . it can be substantially justified if a reasonable person could think it correct." Underwood, 487 U.S. at 566, n. 2. In this case, the Commissioner's position was substantially justified and plaintiff's application for attorney's fees under the EAJA is, therefore, due to be denied.

## CONCLUSION

It is **ORDERED** that plaintiff's application for attorney's fees under the EAJA be and is hereby **DENIED**.

Done this 15th day of November, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE